UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **SOPHY TREADWAY, and all others similarly situated under 29 U.S.C. § 216(b),** **Plaintiff,** § § § § § | |
| v. § | Cause No. 2:18-cv-00259 |
| **EXXIZZ FOODS, INC D.B.A. ROCKPORT DONUTS** and **SOPHEAK OTERO** **Defendants** § § § § § | |

**ORIGINAL COMPLAINT UNDER 29 U.S.C. §§ 201- 216**
**OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff, SOPHY TREADWAY, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Original Complaint against Defendants **SOPHEAK OTERO & EXXIZZ FOODS, INC. D.B.A. ROCKPORT DONUTS** and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Cameron County, Texas at the time that this dispute arose.

3. The Defendant EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS is a corporation that regularly transacts business within the Southern District of Texas. Upon information and belief, EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS was one of the Plaintiff's joint FLSA employers for Plaintiff's respective period of employment (hereinafter, "the relevant time period").

4. The Defendant SOPHEAK OTERO is a corporate officer and/or owner and/or manager of one or more of the Defendant Corporations who ran the day-to-day operations of one or more of the Defendant Corporations for the relevant time period and was responsible for paying Plaintiff's wages during the relevant time period and controlled Plaintiff's work and schedule

and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Acts or omissions giving rise to this dispute took place in the Southern District of Texas.

### COUNT I.   FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid minimum wages and/or overtime for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.  These similarly situated employees are other hourly employees of the Defendants, including cashiers, servers, and cooks, who were paid lump sum payments regardless of the actual number of hours worked per week.  These lump sum payments resulted in either or both minimum wage violations and a failure to pay proper overtime premiums to these employees similar to the violations suffered by Plaintiff as set out below.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff, SOPHY TREADWAY, worked for Defendants as a cashier, cook and server from over three years.  Plaintiff performed these activities at ROCKPORT DONUTS located at Rockport, Texas.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies.

The Defendants' business affected interstate commerce for the relevant time period because the materials and goods that Plaintiff and other employees handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff and other employees by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to the employees' use of the same. Examples of the goods and materials regularly and routinely handled and/or used by Plaintiff and other employees of the Defendants many of which discovery will show travelled through interstate commerce are listed below in paragraph 14.

11. Upon information and belief, the Defendant Corporations had gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below, in excess of $500,000 annually for the years 2017, 2016, 2015.

12. Upon information and belief, the Defendant Corporations' sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 14 below is expected to exceed $500,000 for the year 2018.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.  For example, Plaintiff and other employees of the Defendants regularly and routinely handled a variety of goods and materials many of which discoveries will show travelled through interstate commerce, including but not limited to flour, sugar, meat, bottle water, tea, orange juice, salt, napkins, soda.

14. Upon information and belief, Defendant EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS and SOPHEAK OTERO are part of a joint enterprise as defined by 29 U.S.C. § 203(r).  Defendant  SOPHEAK OTERO is the director, manager of EXXIZZ FOODS, Inc. and she is responsible to pay the wages for the Plaintiff and other similarly situated person.

15. From on or about January 1, 2012 through on or about August 1, 2018, Plaintiff, SOPHY TREADWAY, worked an average 80 hours a week and was paid in lump sum payments resulting in an average effective hourly rate of less than $3.50 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate, based on the applicable Federal Minimum Wage rate of $7.25 per hour, for each overtime hour worked.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206(a)(1) states, in pertinent part, "..an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On

July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21. From on or about August 2015 through on or about August 2018. Plaintiff worked between 2 a.m. until 2:p.m. sometimes even pass 4 p.m., 7 days a week, for an average of 84 hours per week for the Defendants. Plaintiff was paid a lump sum salary resulting in an average hourly rate of $6.00 per hour for said work in violation of the Fair Labor Standards Act as said payment of $6.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between his average hourly rate of $6.00 per hour and the applicable minimum wage of rate of $7.25 per hour for all hours worked.

22. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,
By: /s/ Xenos Yuen, Esq.
Siegel Yuen & Honore, PLLC. Esq.
Texas Bar No.: 22232550
Email: litxy@yuenlawoffice.com
Byron Hamilton
Email litbh@yuenlawoffice.com
Texas Bar No.: SBN 00787633

**Siegel Yuen & Honore, PLLC**
6100 Corporate Dr. Ste. 580
Houston, Texas 77036
Tel:     (713) 541-6256
Fax:    (713) 541-9409