UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. § 216(b), | § | |
| | § | |
| Plaintiffs, | § | Civil No. 2:18-cv-00259 |
| | § | |
| v. | § | |
| | § | |
| EXXIZZ FOODS, INC. | § | |
| D.B.A. ROCKPORT DONUTS | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT EXXIZZ FOODS, INC.'S BRIEF AS TO SANCTIONS**

Defendant Exxizz Foods, Inc. ("Defendant," "Exxizz," "Exxizz Foods," the "Donut Shop" or the "Shop") files this brief as to sanctions:

In this brief, Defendant provides the Court with some legal background as any sanctions that the Court may consider.  Depending on what occurs at the Show Cause Hearing, additional briefing may be provided, if permitted by the Court.  This brief contains the basics of the law in this area for the Court's convenience:

As a preliminary matter, Exxizz notes the following:

(1)     Defense counsel does not make practice of seeking sanctions against the opposing party.  Perhaps that is "old school," but the issue of sanctions is distasteful. Counsel has attempted in over thirty years of practice, mostly on the defense, to seek ways to avoid sanctions, through professional conduct. The search has been to find resolution, through either settlement, motion as to the issues, or trial, as needed.  In that regard, defense counsel sought early on to resolve the issues with Ms. Treadway (but that resolution has not been possible, unfortunately).

(2)     Defendant believes, that when this case is viewed objectively it is really a case of Ms. Treadway against her cousin Sopheak Otero, that came about when Plaintiff's theft came to light and she was fired and arrested. That's why all of this aggressive fight over a class seems pointless and why the Motion to Certify a Class should be denied.

1

(3)     The trouble in this case is, at heart, is the way it has been handled by other side—in a chaotic, super aggressive manner has been entirely unnecessary, with conduct that has been repeatedly in violation of court rules and orders and conduct that reflects a less than competent understanding of the requirements of the Fair Labor Standards Act.

(4)     It is as if one were driving on the highway and poor driver was next to one's car—the "poor" driving becomes very dangerous when combined with high speed and violations of the rules of the road.   Is that enough to send one to prison? Maybe not, but *one prays that an officer of the law would put a stop to this poor driving because it hurts all in the vicinity or has the potential to do so*.

The following are the applicable standards related to the imposition of sanctions:

### **Inherent Power of the Court**

The Court in *SyncPoint Imaging, LLC v. Nintendo of America Inc.*, 2018 WL 6788033,

*4 (E.D. Tex. Dec. 26, 2018),[1] noted the following as to the Court's inherent power:

> Even if relief is not available under Rule 11 or §1927, the Supreme Court has recognized that federal courts have the inherent power to impose attorneys' fees as a sanction for bad faith litigation conduct. *Chambers*, 501 U.S. at 47–48; *see also Batson v. Neal Spelce Assoc.*, 805 F.2d 546, 550 (5th Cir. 1986) ("[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.") (internal quotation marks omitted). Before awarding attorneys' fees, a court must make specific findings as to the frivolousness of the suit. *See Crenshaw v. General Dynamics Corp.*, 940 F.2d 5, 129 (5th Cir. 1991).

Finding that the lawsuit was not frivolous, the Court rejected this basis for the entry of sanctions.

*See* 2018 WL 6788033,*4.

The court in *Midwest Feeders, Inc. v. Bank of Franklin*, CITE (S.D. Miss. March 22, 2017) additionally noted:

> Certainly, federal courts are vested with the inherent authority to sanction parties and attorneys for conduct that abuses the judicial process. *Shavers*, 2007 WL 312705 at *9. But "[a] court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.' " *Swift Fin. Corp. v. Bath Planet of Miss., LLC*, 2016 WL 4572222, *2 (S.D.

---

[1]     Defendant cites few cases which cite the basics of these issues.   Additional briefing will be provided if needed after the Show Cause Hearing.

Miss. Aug. 8, 2016) (quoting *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995)).

Following this standard, the entry of sanctions here on the basis of the Court's inherent power would be improper, as an individual overtime claim by Ms. Treadway against her former employer, Exxizz Foods, is properly pled, and, while the claim may ultimately be rejected by the Court or by a jury in the future, it does not appear to be "frivolous."

**<u>Section 1927</u>**

In analyzing Section 1927, the Court in *SyncPoint Imaging, LLC v. Nintendo of America Inc.*, 2018 WL 6788033 (E.D. Tex. Dec. 26, 2018), stated the following:

> 28 U.S.C. §1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute requires that "there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Clark v. Mortensen*, 93 Fed. Appx. 643, 650 (5th Cir. 2004).

*Id.* at *4 (rejecting §1927 when declaration as to venue appeared false; case dismissed before venue issue determined; nevertheless, court awarded sanction on the basis of Rule 11). *See also Payne v. University of S. Mississippi*, 681 Fed. Appx. 384, 388 (5th Cir. 2017); *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002).

The Section is generally used "sparingly"; as the court in *Lyde v. Boeing Co.*, 2017 WL 4326549 (S.D. Tex. Sept. 27, 2017), noted:

> Courts have imposed sanctions under Section 1927 when an attorney made repeated filings despite warnings from the court or in other instances of excessive and egregious litigiousness. *National Ass'n. of Government Employees. Inc. v.* National Federation of Federal Employees, 844 F.2d 216, 224 (5th Cir. 1988). Sanctions will not be imposed for the mere negligence of an attorney. *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995); *Hahn v. City of Kenner,* 1 F.Supp.2d 614, 617–18 (E.D. La. 1998).

There are portions of Section 1927 which may apply here. The question will be, whether the Court concludes after the Show Cause Hearing on Tuesday, April 2, 2019, that the actions of the Yuen law firm have been "unreasonable" or "vexatious" and whether there is evidence of bad faith, improper motive, or "reckless disregard of the duty owed to the court." *Id.*  In this regard, Defendant believes that the actions may demonstrate improper motive and there is evidence of the opposing counsel's "disregard of the duty owed to the court."

**<u>Rule 11</u>**

In awarding sanctions under Rule 11, the court in *SyncPoint Imaging, LLC v. Nintendo of America Inc.*, 2018 WL 6788033, *7-8 (E.D. Tex. Dec. 26, 2018), stated the following:

> Sanctions may be imposed either on motion or *sua sponte.* On its own, the Court may order an attorney, law firm, or party to show cause why such conduct specifically described in the order has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3).[3] If the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on the attorney, law firm, or party responsible for the violation. Fed. R. Civ. P. 11(c)(1). The central purpose of court-imposed sanctions is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
>
> The Fifth Circuit has recognized that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas*, 836 F.2d at 876–77. "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* at 878. In considering what form of sanction to impose, the Court may consider: (1) whether the conduct was willful or negligent; (2) whether the activity was isolated or part of a pattern of activity; (3) whether the conduct affected only a single event within the case or the entire litigation; (4) any previous similar conduct by the attorney; (5) whether the conduct was intended to cause injury; (6) the effect of the conduct on the litigation in terms of time and expense; (7) whether the responsible party was trained in the law; and (8) what sanction, given the financial resources of the responsible person, is needed to deter similar activity by other litigants. *Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996) (citing Fed. R. Civ. P. 11 Advisory Committee's note to 1993

amendment). Whatever the sanction imposed, it should be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. *Id.*

Under the Federal Rules of Civil Procedure, the sanction may include nonmonetary directives; penalties paid into court; or, if upon motion, payment to the movant of reasonable attorneys' fees and other expenses. The Advisory Committee's note to the 1993 amendment of Rule 11 also suggests (1) an issuance of an admonition, reprimand or censure; (2) requiring the attorney participate in seminars or educational programs; (3) an imposition of a fine payable to the Court; (4) referral of the matter to disciplinary authorities; and (5) payment of fees to the opposing side. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (citing *Manual for Complex Litigation, Second*, § 42.3). Monetary sanctions may not be imposed *sua sponte* unless the Court issued the Rule 11(c)(3) show-cause order before voluntary dismissal or settlement of the claims made by or against the party, or whose attorney, that is to be sanctioned. Fed. R. Civ. P. 11(c)(5)(B). Where there is no Rule 11 motion for sanctions, and the case has already concluded, sanctions are limited to nonmonetary sanctions or a monetary penalty payable to the court. *See Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) ("Sanctions imposed on the district court's initiative, as in this instance, are limited to nonmonetary sanctions or a monetary penalty payable to the court." (citing Fed. R. Civ. P. 11(c)(4) ).

Examples of appropriate monetary penalties payable to the court and nonmonetary sanctions for violating Rule 11(b)(3) include: (1) a public reprimand contained within a Memorandum Opinion and Order, *see Jenkins v. Methodist Hosps. of Dallas, Inc.*, No. 3:02–CV–1823–M, 2004 WL 2871006 (N.D. Tex. Dec. 14, 2004), *aff'd*, 478 F.3d 255 (5th Cir. 2007); (2) ordering the violating attorney to complete 30 hours of continuing legal education and to submit letters of apology to the opposing party and counsel, *see Crank v. Crank*, No. CIV.A. 3:96-CV-1984D, 1998 WL 713273, at *1 (N.D. Tex. Oct. 8, 1998), *aff'd*, 194 F.3d 1309 (5th Cir. 1999); and (3) a public reprimand, completion of ten hours of continuing legal education in the area of ethics (in addition to the CLE requirements imposed by the Texas State Bar) within 1 year of the sanctions order, presenting the Court with proof of completion of such, a $2,500 fine payable to the Court, and referring the case to the Texas State Bar Association's Disciplinary Committee for further investigation, *Bullard*, 925 F. Supp. at 1191.

2018 WL 6788033, *7 (concluding that "lack of diligence in investigating critical factual contentions represented to this Court is simply inexcusable"; public reprimand to counsel with additional $1,000 fine).

**This Case**

Defendant believes that some kind of sanction is appropriate here.  At a minimum, some kind of guidance and control is warranted.  The trouble here is that, in addition to the issue of Mr. Richardson, this case has been prosecuted in the most reckless and costly manner—_without regard to the Court's rules and not in compliance with the basics of the Fair Labor Standards Act_ (see the arguments in D.E. 35 and D.E. 47, which are incorporated herein).  For a small business such as Defendant, this approach has been a very heavy burden.

What this case amounts to is a lot of activity, without a lot of substance.  And that is why, in particular the Motion to Certify a Class should be denied.

As to Mr. Richardson, it appears now (after the Court's order last Thursday, March 28th) that Plaintiff has had the Letter, though counsel now blames a secretary for not properly storing the document electronically.  Thus, one presumes the Letter was in Plaintiff's Counsel's office all along.  Rather than make the search that they should have made weeks (months) ago, they first said that they never had it, then said it was inadmissible, and then blamed Defendant and defense counsel.  Had they asked questions, as they should have long ago, a lot of cost could have been avoided and the truth could have come to light.   In short, all of the cost run-up has been for no good reason.  Hours and hours have been spent, unnecessarily on that issue alone.  That's wrong and some kind of sanction is appropriate for these actions.

DATED: April 1, 2019          Respectfully submitted,

                                   */s/ Andrea M. Johnson*
                                   Andrea M. Johnson
                                   Texas State Bar No. 10679600
                                   Federal Bar No. 1285
                                   KANE RUSSELL COLEMAN & LOGAN, PC
                                   5051 Westheimer Road, Suite 1000
                                   Houston, Texas 77056
                                   Phone: (713) 425-7433
                                   Fax: (713) 425-7700
                                   Email:  ajohnson@krcl.com

                                   **ATTORNEY-IN-CHARGE FOR DEFENDANT**
                                   **EXXIZZ FOODS, INC.** *D/B/A* **ROCKPORT DONUTS**

**OF COUNSEL FOR DEFENDANTS**
**EXXIZZ FOODS, INC.** *D/B/A* **ROCKPORT DONUTS:**

Demetri J. Economou
State Bar of Texas No. 24078461
Federal Bar No. 1852182
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Phone: (713) 425-7432
Facsimile: (713) 425-7700
Email

## CERTIFICATE OF SERVICE

      I certify that on April 1, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                     */s/ Andrea M. Johnson*
                                   Andrea M. Johnson