United States District Court
Southern District of Texas
**ENTERED**
April 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-259 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER IMPOSING SANCTIONS

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 32).

On March 28, 2019, a hearing was scheduled before the undersigned magistrate judge on Plaintiffs' motion for conditional certification, discovery motions and motions to strike. Plaintiffs' attorneys are Xenos Man-Wah Yuen and Byron Hamilton. However, neither Mr. Yuen nor Mr. Hamilton appeared at the hearing. Rather, attorney Gordon Russell Wittick appeared at the hearing on behalf of Plaintiffs. Mr. Wittick is not the lead counsel for Plaintiffs and he is not licensed to practice in the United States District Court for the Southern District of Texas. Additionally, at the time of the hearing, Mr. Wittick had not made an appearance in the case which was authorized by the Court.

Rule 11.2 of the Local Rules for the Southern District of Texas requires the attorney-in-charge to attend all court proceedings or send a fully informed attorney with

authority to bind the client. As Mr. Wittick is not licensed to practice before this Court and has not been approved to appear *pro hac vice*, Mr. Yuen and Mr. Hamilton failed to comply with this rule. Therefore, the undersigned reset the March 28, 2019 hearing at no fault of defense counsel.

The undersigned ordered Plaintiffs' counsel to show cause why they should not be ordered to pay defense counsel's expenses or otherwise be sanctioned. (D.E. 51). Plaintiffs' counsel filed a response. (D.E. 58). At the direction of the undersigned, Defendant's counsel filed a list of her expenses, with documentation, which amounted to defense expenses of $651.79, not including attorneys' fees. (D.E. 56). Defense counsel has also filed a brief regarding sanctions. (D.E. 57).

In their response to the show cause order, Plaintiffs' counsel explain that Siegel, Yuen & Honore, P.L.L.C. hired Mr. Wittick the first week of March 2019 and the failure to file an application to appear *pro hac vice* was due to inadvertence. The explanation is inadequate.

The failure to file the application to appear *pro hac vice* may have been inadvertent, but it is another instance of neglect by Plaintiffs' counsel to a growing list. The list of neglect includes: (1) Plaintiffs' counsel failing to file a response to Defendant's motion to dismiss; (2) Plaintiffs' counsel failing to timely file a motion for conditional certification until approximately six weeks past the deadline; (3) Plaintiffs' counsel failing to attach any evidence to their original motion for conditional certification; (4) Plaintiffs' counsel receiving and misfiling the letter from Plaintiff William Morgan Richardson in which he terminated the employment of Siegel, Yuen &

Honore, P.L.L.C. and requested to be removed as a Plaintiff from this action; and (5) Plaintiffs' counsel not realizing they had been fired by Mr. Richardson despite not having any contact with him for approximately four months.  Further, the law firm of Siegel, Yuen & Honore, P.L.L.C. sending a newly hired associate to handle the hearing on conditional certification is another instance of neglect.  The associate, Mr. Wittick, had never met with or spoke with Plaintiff Treadway. Sending a new associate, under these circumstances, to deal with the deficiencies of lead counsel is in itself worthy of sanctions.  Further, supervising attorneys have an obligation to supervise the work of their associates.  Tex. Disc. R. Prof. Conduct R. 5.01.  Sending an unlicensed associate to federal court without filing and obtaining a ruling from the Court on an application to appear *pro hac vice* is neglectful.  Finally, Plaintiffs' counsel have previously been cautioned about their "pattern of failing to prosecute this case in a timely matter" by United States District Judge Nelva Gonzales Ramos.  (D.E. 31).

  The Court has the inherent authority to sanction counsel in order to control this litigation.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  To sanction a party, the court must make a specific finding that the sanction is in response to (1) the willful disobedience of a court order or (2) actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 44-45.  Regarding wanton behavior, sanctions have been imposed by several district courts for attorneys' repeated instances of inattention, neglect and delinquency.  *See In re W. Fid. Mktg., Inc.*, No. 4:01-MC-0020-A, 2001 WL 34664165, at *20 (N.D. Tex. June 26, 2001)(citations omitted).

This case has become unnecessarily acrimonious with over 60 docket entries, discovery disputes, and a general lack of civility. The undersigned spent considerable time preparing for the March 28, 2019 hearing which had to be canceled. The undersigned finds a persistent neglect of this case by Plaintiffs' counsel. Plaintiffs' attorneys Xenos Man-Wah Yuen and Byron Hamilton of the law firm Siegel, Yuen & Honore, P.L.L.C. have acted wantonly by failing to appear in person for a contested hearing before this Court. This instance of neglect was just one of many instances of neglect in this action as set forth above. Therefore, it is

ORDERED that attorneys Xenos Man-Wah Yuen and Byron Hamilton of the law firm Siegel, Yuen & Honore, P.L.L.C. are **REPRIMANDED** for persistent neglect in this action in violation of Rule 1.01 of the Texas Disciplinary Rules of Professional Conduct. It is further

ORDERED that attorneys Xenos Man-Wah Yuen and Byron Hamilton of the law firm Siegel, Yuen & Honore, P.L.L.C. shall pay $651.79 to attorney Andrea M. Johnson of the law firm Kane Russell Coleman & Logan, PC. This payment is reimbursement to Ms. Johnson for actual expenses incurred as a result of the March 28, 2019 hearing being canceled due to the neglect of Plaintiffs' counsel. This payment shall be made on or before **April 5, 2019.** Plaintiffs' counsel is cautioned the Court will not exercise the same restraint should cause arise to consider sanctions in the future. It is further

ORDERED that attorneys Xenos Man-Wah Yuen and Byron Hamilton of the law firm Siegel, Yuen & Honore, P.L.L.C. shall send a copy of this order to Plaintiff Sophy Treadway. It is further

ORDERED that the Clerk of Court shall send a copy of this order to Plaintiff William Morgan Richardson at his last known address.

*Ms. Treadway and Mr. Richardson are advised that the State Bar of Texas investigates allegations of professional misconduct and may be reached at the Client-Attorney Assistance Program 1-800-932-1900.*

ORDERED this 3rd day of April 2019.

*/s/ Jason Libby*
Jason B. Libby
United States Magistrate Judge