Case 2:18-cv-00259 Document 68 Filed on 04/09/19 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-259 |
| | § | |
| EXXIZZ FOODS, INC. | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

Plaintiff Sophy Treadway brings this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiff alleges Defendant violated the FLSA by failing to pay her the federally mandated minimum wage and also by failing to pay her time and a half overtime for hours worked in excess of 40 in a single work week. Pending is Plaintiff's Opposed Motion For Conditional Certification. (D.E. 26). In connection with this motion the parties have filed considerable briefing, including:

1. Defendant's response and objections (D.E. 35);

2. Plaintiff's opposed motion to strike and reply to Defendant's response (D.E. 40);

3. Defendant's response to Plaintiff's motion to strike and Defendant's reply (D.E. 46);

4. Defendant's objections to Plaintiff's evidence submitted in Plaintiff's reply and Defendant's motion to strike (D.E. 49); and

5. Plaintiff's response to Defendant's motion to strike (D.E. 50);

A hearing on Plaintiff's motion for conditional certification was held on April 2, 2019, before the undersigned at which counsel appeared in person. Having considered the parties' briefing, arguments, the applicable legal authorities, and all matters of record, Plaintiff's motion is **DENIED** as set forth below.

I. JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 32). The undersigned has authority to rule on this matter as it is non-dispositive. *See Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 156 (N.D.N.Y. 2008); *Headrick v. Tucker Energy Serv., Inc.*, No. SA-16-CA-749-OLG, 2017 WL 2999976, at *1-4 (W.D. Tex. Mar. 20, 2017).

II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Sophy Treadway is a former employee of Exxizz Foods, Inc. d/b/a Rockport Donuts. Ms. Treadway filed this action on August 30, 2018, alleging Defendants Exxizz Foods and Sopheak Otero violated the FLSA by paying her a flat rate twice a month regardless of the number of hours she worked. (D.E. 1). Plaintiff alleges she was paid less than the federally mandated minimum wage and was not properly compensated for overtime hours. On October 17, 2018, Plaintiff filed an amended complaint adding William Morgan Richardson as a Plaintiff and Matthew Otero as a Defendant. (D.E. 9). Defendants filed an Answer on November 14, 2018. (D.E. 16).

Defendants Sopheak Otero and Matthew Otero filed a motion to dismiss on November 14, 2018. (D.E. 17). United States District Judge Nelva Gonzales Ramos granted the Otero's motion to dismiss on December 27, 2018, noting Plaintiff's counsel did not file a response. (D.E. 21). On January 31, 2019, Plaintiff filed a motion for conditional certification, approximately a month and a half past the deadline. (D.E. 26). On February 21, 2019, Judge Ramos cautioned Plaintiff's counsel for "a pattern of failing to prosecute this case in a timely manner." (D.E. 31).

On March 28, 2019, a hearing was scheduled on Plaintiff's motion for conditional certification. Neither of Plaintiff's named counsel appeared. Mr. Gordon Wittick, who is an associate of the same law firm, appeared on behalf of Plaintiff. However, Mr. Wittick is not admitted to practice before the Southern District of Texas and, at the time of the hearing, had not filed a notice of appearance or a motion to appear *pro hac vice* in this case. Based on a pattern of neglect exhibited by Plaintiff's counsel, the undersigned ordered Plaintiff's counsel to show cause why they should not be sanctioned. (D.E. 51). The parties filed responses, a reply and briefs. (D.E. 56, 57, 58, 59. 60, 61).

Plaintiff William Morgan Richardson mailed a letter dated November 16, 2018, to Plaintiff's counsel requesting to be dismissed from this action and terminating his employment of Plaintiff's counsel. (D.E. 35-2). Plaintiff's counsel acknowledged receipt of the letter but maintain they did not become aware of the letter until recently due to the letter being misfiled by their staff when it was received. (D.E. 59, p. 3). The undersigned became aware of the letter through the parties' briefing and ordered Plaintiff's counsel to file an affidavit with the Court, signed by William Morgan

Richardson, regarding whether he is represented by Siegel Yuen Honore PLLC and whether wants to be a Plaintiff in this case. (D.E. 51, p. 3). Plaintiff's counsel filed a motion to stay the order because they were unable to reach Mr. Richardson for a number of months. (D.E. 53). The undersigned denied Plaintiff's motion to stay and ordered Mr. Richardson to personally appear before the undersigned at the April 2, 2019 hearing. (D.E. 55). The Clerk of Court mailed the order to Mr. Richardson's last known address.

On April 2, 2019, Mr. Richardson appeared in person at the United States District Clerk's office in Corpus Christi, Texas. He filed an affidavit with the Clerk of Court. (D.E. 63). In the affidavit, Mr. Richardson confirms he terminated the representation of Plaintiff's counsel and requested to be removed from this lawsuit. Mr. Richardson further requested to be excused from attending the hearing scheduled for later in the same day. (D.E. 63). At the hearing, the undersigned granted Plaintiff counsel's oral motion to withdraw from representing Mr. Richardson. Further, the undersigned granted Mr. Richardson's *pro se* motion to be voluntarily dismissed from this case. (D.E. 65).

The undersigned also heard arguments on the issue of imposing sanctions against Plaintiff's counsel and on the issue of conditional certification. On April 3, 2019, the undersigned entered a written order reprimanding Plaintiff's counsel for persistent neglect and further ordered Plaintiff's counsel to reimburse defense counsel for her actual expenses incurred as a result of the March 28, 2019 hearing being re-scheduled due to the neglect of Plaintiff's counsel. (D.E. 64). The neglect of Plaintiff's counsel is set forth in the undersigned's April 3, 2019 Order and need not be recited again.

### III. SUMMARY OF THE PARTIES' ARGUMENTS ON CONDITIONAL CERTIFICATION

#### A.  Plaintiff's Arguments

Plaintiff Treadway's motion for conditional certification does not contain any evidence and fails to articulate why the facts of this case warrant conditional certification. (D.E. 26). Instead, the motion recites general propositions of law about conditional certification.[1] In Plaintiff Treadway's reply brief (D.E. 40), she provides additional arguments and certain evidence. Plaintiff maintains: "that she worked twelve hours per day, seven days per week; that she received a flat fee that was not directly proportional to the number of hours worked; that she did not receive minimum wage; and that she did not receive overtime pay." (D.E. 40). In her reply, Plaintiff Treadway submits an affidavit in which she testifies to the following: (1) She was an employee of Rockport Donuts from August 10, 2015 to August 10, 2018; (2) She worked as a cashier, made donuts, cleaned the floor and countertops, and helped cook; (3) She worked twelve hour shifts seven days a week and was paid $1,115.38 twice per month; (4) She did not supervise other employees or exercise managerial responsibility of other employees or of business decisions; (5) She knows of at least 9 other employees "who were similarly situated, working at Rockport Donuts, having the same or similar job duties, receiving lump payments for the work they performed, and not being paid overtime for the hours over 40 they worked in any week…(and) None of them were referred to as manager…" (D.E. 40-3). Plaintiff also submits other evidence to establish the amount of her compensation,

---

[1] Counsel for Defendant maintains in her briefing that Plaintiff's motion contains numerous instances of plagiarism without crediting the original sources. (D.E. 35).

her employment with the Defendant and her dates of employment. (D.E. 40, Exhibits 1-8). Plaintiff argues the facts presented warrant conditional certification.

### B. Defendant's Arguments

Defendant argues Plaintiff's motion for conditional certification should be denied because: (1) Ms. Treadway is not similarly situated to others who worked for Defendant; (2) Plaintiff did not present any evidence in her motion for conditional certification and she should not be allowed to submit evidence for the first time in her reply; (3) Plaintiff's motion contains significant instances of plagiarism; (4) No one has filed a consent form; (4) Mr. Richardson is no longer a Plaintiff; and (5) Ms. Treadway is an inadequate class representative. (D.E. 35, 46, & 49).

## IV. ANALYSIS

### A. The Parties' Objections and Motions to Strike

The undersigned declines to address Defendant's objection that Plaintiff's counsel committed plagiary by copying without attribution other legal sources in significant portions of her motion for conditional certification. (D.E. 35). Having already sanctioned Plaintiff's counsel, addressing additional deficiencies in counsel's performance is unnecessary and is not an efficient use of the Court's resources. Therefore, Defendant's objection based on plagiary is **OVERRULED**.

Defendant further objects to the Court considering the evidence submitted in Plaintiff's reply because no evidence was submitted in the Plaintiff's motion for conditional certification. (D.E. 49). Defendant essentially argues Plaintiff should not be able to correct a defective motion by filing evidence which should have been filed in the

first place.  The Plaintiff's manner of presenting the motion for conditional certification created unnecessary work for Defendant. Defendant had to address Plaintiff's substantive arguments contained only in the reply by filing a sur-reply. *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.,* No. 3:01-CV-1397, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (In the context of a motion for summary judgment, a party may not file evidence for the first time without obtaining leave of court.  The purpose of a reply brief is to rebut the non-movant's response, not to introduce new evidence.).  While the practice is not preferred, the Court may consider "arguments and evidence presented for the first time in a reply brief as long as the court gives the nonmovant an adequate opportunity to respond." *In re Enron Corp. Sec., Derivative & ""ERISA" Litig.*, 491 F. Supp. 2d 690, 704 (S.D. Tex. 2007). The undersigned finds Plaintiff has failed to state any sufficient reason to excuse the failure to file any evidence with its motion for conditional certification.   However, because Defendant has had a chance to respond, the evidence may be considered.  Defendant's objections to Plaintiff's evidence and Defendant's motion to strike (D.E. 49) are **OVERRULED and DENIED**, respectively.

Plaintiff's motion to strike (D.E. 40) the letter of William Richardson (D.E. 35-2) is moot because Mr. Richardson is no longer a Plaintiff in the action.  Further, Mr. Richardson's affidavit (D.E. 63) establishes his intent not to be a part of this action. Therefore, Plaintiff's motion to strike is **DENIED**.  (D.E. 40).

In the same motion, Plaintiff also moves to strike paragraphs 11-16 from the affidavit of Sopheak Otero (D.E. 35-3).   These paragraphs concern Ms. Otero's allegations that Plaintiff Treadway stole thousands of dollars from Defendant while

7 / 15

working the cash register. Plaintiff objects and argues these portions of the affidavit are based on hearsay rather than Ms. Otero's personal knowledge. Ms. Otero states "we found video that showed that she had pocketed money that customers handed to her." (D.E. 35-3, ¶ 11). Ms. Otero further states, "[w]e further reviewed video from our security cameras, and we looked at the sales records that we had, which showed numerous deleted and altered transactions." (D.E. 35-3, ¶ 14). During the hearing on conditional certification, counsel for Plaintiff verified Plaintiff Treadway had in fact been arrested and charged with felony theft. The issue currently before the Court is not whether Ms. Treadway is guilty of theft; the issue is whether conditional certification is appropriate. The matters objected to by Plaintiff are relevant only as to whether Ms. Treadway would be an appropriate class representative. It is clear from the context of the affidavit that Ms. Otero personally viewed the video where she observed Plaintiff Treadway pocketing money from the cash register. To the extent the affidavit includes matters outside of her personal knowledge, those matters merely provide context. Plaintiff's objections to Ms. Otero's affidavit are **OVERRULED** and the motion to strike is **DENIED**. (D.E. 40).

### B.     Legal Standard for Conditional Certification

The FLSA allows collective actions to be brought on behalf of "similarly situated" workers. Under the FLSA, an employee may file a lawsuit for unpaid overtime wages on behalf of himself as well as other "similarly situated employees" who "opt-in" to the suit. 29 U.S.C. § 216(b); *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 464 n. 2 (S.D. Tex. 2012). The term "similarly situated" is not defined in the FLSA. *See, e.g.*, 29 U.S.C.

§§ 203, 216. Courts in this District interpret "similarly situated" to mean an employee who is "affected by a common policy, plan, pattern, or practice" as the one at issue in the plaintiff's lawsuit. *McKnight v. D. Hous., Inc.,* 756 F. Supp. 2d 794, 803 (S.D. Tex. 2010).

Where a plaintiff seeks to bring a collective action on behalf of others, the plaintiff must seek certification and request notice be approved by the district court, and the putative class members must consent in writing to become a party to the action. 29 U.S.C. § 216(b). The district court then has the discretion whether to approve the collective action and facilitate notice to potential plaintiffs. *Simmons v. T-Mobile USA, Inc.*, Civ. A. No. 4:06-cv-01820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007). "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

When considering motions for conditional certification under the FLSA, district courts in the Fifth Circuit usually proceed under the *Lusardi* approach— i.e., it is undertaken early in the case and a plaintiff's allegations that "similarly situated" workers exist and wish to opt-in to the suit are reviewed "leniently." *Lusardi v. Xerox, Corp.,* 118 F.R.D. 351 (D.N.J. 1987). Whether to certify a suit as a collective action under the FLSA is a decision committed to the discretion of the court. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91 (2003)). Courts in the Southern District of Texas generally use

9 / 15

the *Lusardi* approach to determine whether a collective action is warranted. *See, e.g., Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

The *Lusardi* analysis proceeds in two stages: (1) a "notice stage", followed by (2) a decertification stage. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 n. 2 (5th Cir. 2008) (citations omitted). The notice stage takes place early in the case, before the parties have a chance to conduct substantive discovery. *Blake v. Hewlett–Packard Co.,* No. 4:11–CV–592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013). In contrast, the decertification process occurs after the parties have had ample opportunity for discovery. *Id.* At the first stage, the court makes a preliminary determination whether there are any potential plaintiffs who may be similarly situated to the plaintiff in the pending lawsuit. *Mooney*, 54 F.3d at 1213–14.

The plaintiff seeking conditional certification must present at least a "minimal showing" that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F.Supp.2d at 465–66 (citations omitted). Because this analysis occurs before the discovery process, the burden on the lead plaintiff is "lenient and typically results in conditional certification." *See e.g., Walker,* 870 F. Supp. 2d at 465. Courts often make the determination based on the pleadings and any available affidavits. *Id.*

The second stage of *Lusardi* occurs after discovery has taken place. Upon a defendant's motion to decertify, the trial court reviews the available evidence collected in

discovery. *Id.* If the court finds the evidence shows the plaintiffs are not in fact "similarly situated" to the original lead plaintiff, then the class is decertified, the opt-in plaintiffs are dismissed, and the original plaintiff proceeds individually. *Id.* The present case is at the "notice stage" of the *Lusardi* analysis. At this stage, the Court's decision is made using a fairly lenient standard, Plaintiff need only make a minimum showing to guide the Court's determination whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1214.

    C.    **Application of the Law to the Present Case**

        **1. Whether a reasonable basis for crediting the assertions that aggrieved individuals exist**

Plaintiff alleges she was paid a set amount while working for Defendant without regard for the number of hours she worked. Plaintiff maintains that based on the number of hours she was required to work, she was paid less than the federal minimum wage and was also not properly compensated for overtime. The only evidence submitted by Plaintiff that a reasonable basis for crediting the assertions that other aggrieved individuals exist is paragraph 9 of her affidavit. (D.E. 40-3, p. 2). In paragraph 9 of the affidavit, Plaintiff Treadway states: "During August 10, 2015 to August 10, 2018, I knew of at least nine (9) other employees who were similarly situated, working at Rockport Donuts, having the same or similar job duties, receiving lump payments for the work they performed, and not being paid overtime for the hours over 40 they worked in any week." (D.E. 40-3, p. 2). Plaintiff identifies some of the employees by name and continues to state that "I remember these individuals specifically working at the donut shop over 40

hours per week and not being paid overtime." The affidavit lacks specificity, is conclusory and is not very compelling. Whether the evidence submitted is sufficient to find a reasonable basis exists for crediting the assertions that aggrieved individuals exist is a close call. However, at this stage of the proceedings, the undersigned finds the affidavit is sufficient to meet Plaintiff's burden on the first step of the analysis.

### 2. Whether aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted

Plaintiff Treadway maintains she worked for Defendant performing a variety of duties including operating the cash register, making donuts and also cleaning. She was paid $1,15.38 twice per month and maintains she did not have managerial responsibility. (D.E. 40-3, p.1). Defendant maintains Plaintiff Treadway is a family member of the Oteros who emigrated to the United States from Cambodia with their assistance. (D.E. 35-3). According to Defendant, the Oteros also intended for Plaintiff Treadway to eventually buy the donut shop or open another donut shop with their assistance. (D.E. 35-3). Defendant further maintains Plaintiff Treadway was being trained to take over and manage the business. (D.E. 35-3). Further, Defendant maintains Plaintiff Treadway was Ms. Otero's "second in command" at the donut shop and other employees followed her directions and orders. (D.E. 35-3).

The issue of whether or not Plaintiff Treadway was subject to a managerial exemption[2] is contested and is not resolved at the conditional certification stage of these proceedings. However, the close family relationship of Plaintiff Treadway to the Oteros is not similar to any known prospective Plaintiff. Whether Plaintiff Treadway was employed with a view toward becoming an owner will feature prominently in this litigation. A family member and prospective owner or partner would be more likely to assume managerial responsibilities than a typical employee. In this regard, Ms. Otero is not similarly situated to the other employees of Defendant.

Additionally, Plaintiff Treadway, unlike any of the other prospective Plaintiffs, is accused of systematically stealing from the Defendant during the course of her employment. While Plaintiff Treadway has not been convicted of the offense, Defendant will certainly try to impeach her credibility or show bias during the Defendant's cross examination of Plaintiff. Additionally, the allegations of theft are foreseeably relevant to the contested managerial exemption because a person with managerial responsibilities would arguably have less oversight and a greater opportunity to commit theft. Further, the allegations of theft against Ms. Treadway raise an issue of whether Ms. Treadway would be an appropriate class representative. The undersigned finds Plaintiff Otero is not similarly situated to other employees of Defendant.

---

[2] "Though the FLSA establishes a general rule that employers must pay their employees overtime compensation, executive, administrative, and professional employees are exempt." *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489, 492 (5th Cir.), cert. denied, 540 U.S. 938, (2003) (citing 29 U.S.C. § 213(a)(1))

### 3. Whether other individuals want to opt-in to the lawsuit

Whether other individuals want to opt in to the lawsuit is not a high burden on Plaintiff. *See Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012)(noting some courts do not require evidence be submitted on this point). However, the undersigned finds some showing is necessary. William Morgan Richardson was named as a Plaintiff in the Amended Complaint. (D.E. 9). Mr. Richardson has since been dismissed because he no longer wants to be part of this action. (D.E. 63, 65). Rather than evidence of potential Plaintiffs wanting to join this action, the Court is presented with just the opposite. Plaintiff has not established other persons want to opt in to this action.

### 4. Additional Considerations

The undersigned notes opt in Plaintiffs in FLSA actions are almost always represented by the law firm or lawyers bringing the action on behalf of the named Plaintiffs. Typically, these lawyers handle the notice procedures which results in the opt in Plaintiffs being represented by those lawyers. Plaintiff's counsel have been sanctioned for a pattern of neglect as set forth in the undersigned's April 3, 2019 Order (D.E. 64). Whether Plaintiff's counsel are capable of protecting the interests and rights of putative class members is an open question. The undersigned does not find conditional certification to be a close call in the present case. However, if conditional certification were appropriate, the Court would have to take additional measures to ensure the rights of the putative plaintiffs were adequately protected. These measures could include such

things as appointing *pro bono* counsel which weighs against Plaintiff's motion for conditional certification.

## V.     CONCLUSION

Having considered the briefing, exhibits and applicable law, the undersigned finds Plaintiff's motion for conditional certification should be, and is, **DENIED** for the reasons set forth above.  (D.E. 26).  Plaintiff Treadway has not established that other individuals desire to opt-in and are "similarly situated" with respect to job requirements and with regard to potential claims regarding minimum wage and overtime compensation.

ORDERED this 9th day of April 2019.

                                                                    _____
                                                                             Jason B. Libby
                                                                    United States Magistrate Judge