UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-259 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON APPEAL OF**
**DENIAL OF CLASS CERTIFICATION**

On April 9, 2019, Magistrate Judge Jason B. Libby issued his "Order Denying Conditional Certification of Collective Action" (D.E. 68). On April 19, 2019, Plaintiff filed her objections (D.E. 70), seeking this Court's review of the Order and Defendant has responded (D.E. 72). For the reasons set out below, the Court **AFFIRMS** the Magistrate Judge's Order.

**STANDARD OF REVIEW**

Plaintiff has requested de novo review pursuant to Federal Rule of Civil Procedure 72(b)(2). However, as expressly set out in the Magistrate Judge's Order, the matter of conditional certification of a collective action is nondispositive and it therefore falls under Rule 72(a). D.E. 68, p. 2; *Wedel v. Vaughn Energy Servs., LLC*, No. 2:15-CV-93, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 9, 2015) (citing *Bijoux v. Amerigroup New York, LLC*, No. 14–CV–3891 RJD VVP, 2015 WL 5444944, at *1 (E.D.N.Y. Sept.15, 2015) (magistrate had authority to grant conditional certification because it was a non-dispositive matter) and *Summa v. Hofstra University*, 715 F.Supp.2d 378, 383–84

(E.D.N.Y.2010) (magistrate's decision granting conditional certification of a collective action is not a decision "to dismiss or permit maintenance of a class action" under 28 U.S.C. § 636(b)(1)(A), and is thus a nondispositive matter).

Consequently, the Magistrate Judge's ruling must be accepted unless it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). More specifically, factual findings are reviewed under a clearly erroneous standard, while only legal conclusions are subjected to de novo review. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

The Magistrate Judge described the conditional certification issues on which Plaintiff bears the burden of proof and no objection has challenged that recitation. Conditional certification of a collective action under the FLSA requires the following:

> At a minimum, there must be meaningful identifiable facts or legal nexus that bind the claims, so that hearing the cases together furthers the purposes of . . . § 216, is fair to both parties, and does not result in an unmanageable trial. Courts have repeatedly stressed that Plaintiffs must only be similarly—not identically—situated to proceed collectively.

*Akins v. Worley Catastrophe Response, LLC*, No. CIV.A. 12-2401, 2013 WL 1412371, at *6 (E.D. La. Apr. 8, 2013) (citations, quotation marks, and brackets omitted). More specifically, "[O]nly if we determine the action relates to specific issues and circumstances personal to the plaintiff rather than any generally applicable policy or practice can we foreclose the right to proceed as a class." *Burt v. Manville Sales Corp.*,

116 F.R.D. 276, 277 (D. Colo. 1987); *see also*, *Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 690–91 (S.D. Tex. 2013).

## DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's Order: (1) it strays into inapplicable merits-based decisions; and (2) it improperly considers counsel's conduct. The Court disagrees.

First, Plaintiff objects that the Order makes improper merits-based determinations when it considers Plaintiff's family ties and the accusation of theft against her. Plaintiff argues that these issues should not be considered when determining whether she is similarly situated to other putative class members, citing *Jaso v. Bulldog Connection Specialists LLC*, No. 2:15-cv-269 (S.D. Tex. October 15, 2015) (D.E. 17). This Court finds that no such merits-based decision has been made and the legal principles set forth in *Jaso* and other authorities cited for the same purpose are not violated by the Magistrate Judge's decision.

Contrary to Plaintiff's approach, the authorities do not state that courts are prohibited from considering evidence that goes to the application of a FLSA exemption when that evidence is also relevant to the job duties and pay structure that govern the "similarly situated" question. Rather, the only limitation presented by the persuasive cases in this district is that exemption evidence is not entitled to greater weight because of its relevance to exemptions. *See generally*, *In re Wells Fargo Wage & Hour Emp. Prac. Litig. (No. III)*, No. H-11-2266, 2012 WL 3308880, at *28 (S.D. Tex. Aug. 10, 2012) (collecting cases).

The concern here is that matters purely personal to Plaintiff—family ties and an accusation of theft—set Plaintiff apart from other employees on issues of managerial responsibilities and credibility. The Court need not decide the merits of these issues to determine that the allegations and related arguments may impact Plaintiff's representative status and capacity. The Court reasonably questions the fairness of subjecting other employees to a representative burdened with these personal issues.

Plaintiff does not dispute family ties to Defendants or that theft accusations have been made. Likewise, the Magistrate Judge did not, in fact, decide that Plaintiff was subject to an FLSA managerial exemption. Neither did he decide that Plaintiff, in fact, engaged in any crime or was untruthful. Rather, in his discretion, the Magistrate Judge determined that these disputed issues would lead to Plaintiff and her claims being treated differently during the prosecution of this case from any claims brought by other employees. In particular, Plaintiff's family relationship to Defendants and the expectation of opening related shops may alter a fact-finder's impression of the policy, plan, pattern, or practice that applied to her as compared to the practices applied to other workers.

Plaintiff argues that the Magistrate Judge's treatment of these issues gives employers a loophole for escaping FLSA liability. But that is not the case. The issue before the Court is not whether Plaintiff or any other employee has a viable FLSA claim but is whether it is appropriate for Plaintiff to represent other similarly situated employees in prosecuting those claims. The Magistrate Judge reviewed a record with limited evidence and conclusory representations. He concluded that the issues unique to

Plaintiff make her too dissimilar to effectively prosecute the claims as a representative of other employees. That determination is not clearly erroneous and is not contrary to law.

Second, Plaintiff complains that her counsel's neglectful conduct has been, and should be, addressed in proceedings separate and apart from the certification of a collective action and that it bears no influence on the certification issue. Plaintiff offers no briefing to support this objection but rather suggests that it should be addressed "in another appropriate forum." D.E. 70, p. 3. Whether or not this issue is considered here, the bottom line remains that Plaintiff failed to meet her lenient burden on the initial notice stage of the *Lusardi* test for conditional certification. For that reason, the Order is not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons set out above, the Court **AFFIRMS** the "Order Denying Conditional Certification of Collective Action" (D.E. 68).

ORDERED this 17th day of May, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE