UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-259 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending is Plaintiffs' Motion to Compel Production. (D.E. 101). The Motion is **DENIED**. Plaintiffs filed the motion seeking to compel the production of 2016 and 2017 daily gross receipts, electronic and physical original paper sales receipts and any sales reports for all of Defendant's employees. Plaintiffs assert the "receipts are the sole basis for Defendant's allegations that Treadway systematically stole over $[6]7,000, and Defendant has already produced tables formulated from these sales records." (D.E. 101, Page 1). Plaintiffs further assert the receipts will assist in the calculation of hours worked by Defendant's employees, including overtime, and whether Defendant maintained required records. (D.E. 106).

In its response, Defendant states the sales transactions from 2016 and 2017 were not reviewed as part of theft investigation. (D.E. 103, Page 2). Further, Defendant maintains it has now produced over 2,000 pages of sales transaction records in response to Plaintiffs' request for the period of March 1, 2016 forward, in addition to the approximately 1,000 pages previously produced, all of which include each sale by amount, date and person who

entered the sale. (D.E. 103, Page 3). Defendant states it implemented an electronic system called ShopKeep on or about March 1, 2016 and it has now produced all of these electronic records. Additionally, in support, Defendant has provided a declaration from its bookkeeper Cathy Karowski who avers all available 2016 and 2017 records have now been produced. (D.E. 103-2).

To the extent Plaintiffs seek individual sales receipts for each sales transaction from 2016 to 2018, the undersigned finds this request is overly burdensome. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 984 F.2d 1482, 1485 (5th Cir. 1990) (The party resisting discovery must show specifically how each document request is overly broad, burdensome or oppressive) (citations omitted); Fed. R. Civ. P. 26(b)(2)(C). Defendant represents there were over 180,000 sales transactions from 2016 to 2018 and each receipt would have to be downloaded separately and then printed to produce them individually. Further, Defendant represents it has offered Plaintiffs' counsel access to examine these records at Defendant's business on multiple occasions. (D.E. 103, Page 4).

Therefore, as Defendant represents it has now produced all responsive documents in its possession and the undersigned finds producing individual receipts would be unduly burdensome, Plaintiffs' Motion to Compel is **DENIED**. (D.E. 101).

ORDERED this 16th day of August, 2019.

_____
Jason B. Libby
United States Magistrate Judge