United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-259 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This case, filed on August 30, 2018, concerns whether Plaintiffs Sophy Treadway and Charles Lybarger were improperly denied overtime compensation under the Fair Labor Standards Act ("FLSA"). Pending is Plaintiffs' Motion to Dismiss Without Prejudice. (D.E. 135). Defendant Exxizz Foods, Inc.'s, d/b/a Rockport Donuts ("Exxizz"), has filed a response to which Plaintiffs replied. (D.E. 136 and D.E. 140). The undersigned also held on a hearing on March 19, 2020, and heard arguments from the parties. For the following reasons, the undersigned recommends Plaintiffs' Motion be **DENIED**. (D.E. 135). Alternatively, the undersigned recommends Plaintiffs' Motion be **GRANTED** subject to certain conditions discussed below.

### I.   JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 32).

## II. BACKGROUND

Exxizz operates as Rockport Donuts in Rockport, Texas. Plaintiffs, former employees of Rockport Donuts, allege Defendant violated the FLSA by failing to pay them the federal mandated minimum wage and proper overtime compensation. Plaintiffs initially brought this action against three Defendants: Exxizz Foods, Inc., Sopheak Otero and Matthew Otero. However, all claims against Sopheak Otero and Matthew Otero were dismissed by the Court on December 27, 2018 and upheld upon reconsideration on February 21, 2019, with the Court noting Plaintiffs had a consistent "pattern of failing to prosecute this case in a timely manner." (D.E. 21 and D.E. 31). Additionally, the two Plaintiffs initially sought to proceed as a collective action, however, conditional certification was denied on April 9, 2019 and again upon reconsideration on October 10, 2019. (D.E. 68 and D.E. 119).[1] The parties have participated in extensive discovery which has included numerous discovery disputes involving several emergency motions requiring Court intervention and an ordering imposing sanctions against Plaintiffs' counsel. The discovery deadline expired on September 3, 2019. (D.E. 69). After an unsuccessful mediation on October 25, 2019, Exxizz timely sought partial summary judgment on November 4, 2019. (D.E. 120). On January 29, 2020, the undersigned entered a Memorandum and Recommendation recommending the motion be granted. (D.E. 133). On February 14, 2020, Plaintiffs filed consent forms to participate in the

---

[1] Conditional certification was granted on November 1, 2019 in a related case, involving the same claims, all of the potential defendants and the same attorneys. *Ramos v. Exxizz Foods, Inc.*, No. 2:19-cv-132 (S.D. Tex. Nov. 1, 2019) (Order Granting Conditional Certification). This is the later filed action Plaintiffs have now consented to join in lieu of proceeding with this case.

related case, Case No. 2:19-cv-132, which was originally filed on May 6, 2019. (Case No. 2:19-cv-132, D.E. 57 and D.E. 58). Shortly after, on February 18, 2020, the Court adopted the undersigned's January 29, 2020 M &R, limiting both Plaintiff Treadway and Plaintiff Lybarger's claims to a two-year statute of limitations as Plaintiffs failed to demonstrate willfulness. (D.E. 133 and D.E. 134).[2]

This case was set for trial on April 13, 2020, with the Joint Pretrial order due on or before March 20, 2020 and the Final Pretrial Conference set for April 2, 2020. (D.E. 69). On March 16, 2020, Plaintiffs filed the pending Motion to Dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41, stating "they have joined as class members in Cause No. 2:19-cv-132." (D.E. 135). Defendant filed a response the same day, opposing the dismissal or alternatively, agreeing to the dismissal so long as certain conditions were included in the dismissal order. (D.E. 136). The next day, on March 17, 2020, Plaintiffs filed an Opposed Motion for Extension of Time regarding the Joint Pretrial Order deadline. (D.E. 137). The undersigned terminated all settings and deadlines the same day, setting Plaintiffs' Motion to Dismiss for a telephonic hearing. (D.E. 138). At the March 19, 2020 hearing, it became evident that the parties could not reach an agreement regarding the dismissal. Plaintiffs filed a reply the same day in support of their Motion. (D.E. 140). On March 20, 2020, this case was reset for a Final Pretrial Conference on May 5, 2020 and for trial on May 18, 2020. (D.E. 141 and D.E. 142).

---

[2] Plaintiffs did not file any objections to the January 29, 2020 M & R. (D.E. 133 and D.E. 134). However, Plaintiffs did file a response to the Motion itself. (D.E. 123).

### III.   FEDERAL RULE OF CIVIL PROCEDURE 41

Plaintiffs' Motion to Dismiss is governed by Federal Rule of Civil Procedure 41(a)(2) which states, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A dismissal pursuant to Rule 41(a)(2) is without prejudice unless the court order states otherwise. Fed. R. Civ. P. 41(a)(2). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Id*. (citation omitted). Therefore, when deciding a Rule 41(a)(2) motion, courts must first determine if the non-movant will suffer legal prejudice. If no legal prejudice is found, the motion should be granted absent evidence of some other abuse by the movant. *Elbaor*, 279 F.3d at 317. However, if a court "concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure prejudice." *Id.* at 317-18.

### IV.   ANALYSIS

#### A.   Legal Prejudice

The Court should assess legal prejudice looking at which stage the motion to dismiss is filed. *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). "Where the plaintiff does not seek dismissal until a late

stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Id.* (No abuse of discretion in denial of voluntary dismissal finding prejudice where action had proceeded for ten months before motion to dismiss was filed including multiple hearings, significant discovery, ruling on summary judgment and scheduled trial date) (citation omitted); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming finding of prejudice and denial of voluntary dismissal as case had been pending for over a year, the parties had spent several months filing pleadings, attending conferences and submitting motions and briefing and the magistrate judge had issued a comprehensive recommendation adverse to moving party's position).

    Plaintiffs' motion was filed approximately 19 months after the initial suit commenced.  Both the discovery deadline and the dispositive motion deadline had expired and the case was set for trial in less than a month when Plaintiffs requested voluntary dismissal.  A review of the Court's docket clearly demonstrates the parties have continuously engaged in extensive discovery requiring frequent Court assistance, including multiple hearings as well as the resolution of several discovery dispute motions and the issuing of an order imposing sanctions.  Further, after dispositive motions were filed, the Court dismissed two Defendants, Sopheak and Matthew Otero, and also dismissed Plaintiffs' claims of willfulness finding a two-year statute of limitations applied to their claims.  (D.E. 21, D.E. 31 and D.E. 134).  Additionally, Plaintiffs have frequently sought reconsideration of this Court's decisions requiring additional briefing by Defendant and lengthy review by the Court.  Defendant has clearly "expended

significant time and effort litigating this action and [Plaintiffs were] far less than prompt in seeking voluntary dismissal." *Hartford*, 903 F.2d at 360.

Additionally, Plaintiffs' reason for requesting the dismissal is that they intend to participate in the later filed related action, Case No. 2:19-cv-132. The second case was filed on May 6, 2019 and conditional certification was granted on November 1, 2019. Plaintiffs did not file their consents to join the second case until February 14, 2020, after discovery had been completed in this case, dispositive motions had been filed, two Defendants had been dismissed, a Memorandum and Recommendation had been entered adverse to their interests regarding the statute of limitations, an unsuccessful mediation had taken place, and the scheduled trial was two months away. Plaintiffs offer no reason for their delay.

Here, based on arguments in their briefing as well as at the March 19, 2020 hearing, it appears Plaintiffs are attempting to circumvent previous adverse rulings in this case by joining the later filed case, specifically the dismissal of their claims against the Otero's personally as well as the limited statute of limitations. Accordingly, given the posture of this case and the lateness of their request, the undersigned recommends legal prejudice would exist if Plaintiffs' motion were granted without condition as evidenced by the duration and scope of the litigation, the number of pre-trial and dispositive motions filed and decided and the number of hearings held. Therefore, the undersigned recommends the Court **DENY** Plaintiffs' Motion to Dismiss and proceed to trial as scheduled.

### B.  Conditions

As the undersigned has recommended legal prejudice exists, the Court may either deny the motion outright or craft conditions to cure the prejudice.  The undersigned recommends the Court deny Plaintiffs' Motion.  However, alternatively, the undersigned recommends the Court grant Plaintiff's Motion subject to certain conditions.

While a court has the authority under Rule 41(a)(2) to grant dismissal on the condition that it be with prejudice as to certain rulings, the court "must be careful to craft conditions that are not overbroad."  *Elbaor*, 279 F.3d at 320 (Courts may either deny dismissal or "craft well-tailored conditions that will cure the prejudice [the non-moving party] will suffer as a result of an unconditional dismissal").  Further, if a court orders a conditional dismissal, it must allow Plaintiffs "the opportunity to withdraw their motion to dismiss rather than accept the conditions."  *Id*. (citation omitted).

The undersigned finds the conditions proposed by Defendant are reasonable as follows:

1. That limitations as to Plaintiffs Treadway and Lybarger's claims in 2:19-cv-132 be limited to two (2) years as previously determined by this Court.

2. That neither Sopheak or Matthew Otero be subjected to personal liability as to Plaintiffs Treadway and Lybarger's claims in 2:19-cv-132 as previously determined by this Court.

3. That discovery completed not be redone, except as to specific issues and individuals raised in 2:19-cv-132.

4. That all current defenses against Plaintiffs Treadway and Lybarger's claims be permitted in 2:19-cv-132.

5. That all costs of this action be carried to 2:19-cv-132.

(D.E. 136, Page 3).

Therefore, the undersigned alternatively recommends Plaintiffs' Motion to Dismiss be **GRANTED** subject to these curative conditions. *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (citing *Elbaor*, 279 F.3d at 317-18 & n. 3) (A district court may condition its grant of a Rule 41(a)(2) motion on payment of fees and costs if the defendant has incurred substantial costs in defending against the claim); *Robles v. Atlantic Sounding Co., Inc.*, 77 F. App'x 274, 276 (5th Cir. 2003) (affirming decision to grant dismissal with condition to reuse discovery which minimized non-movant's financial losses and cured any potential prejudice) (citation omitted); *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. CIV.A. 3:09-CV-1596D, 2010 WL 1491422, at *7–8 (N.D. Tex. Apr. 13, 2010) (finding certain claims could not be relitigated against defendants); *Arias v. Zachry LLC*, No. 4:19-cv-1635, 2020 WL 1130389, at * 2 (5th Cir. Mar. 6, 2020) (granting dismissal without prejudice but imposing attorney fee condition for subsequent case filed in federal court).[3]

## V.   CONCLUSION

For the reasons stated above, the undersigned recommends Plaintiffs' Motion be **DENIED**. (D.E. 135). Alternatively, the undersigned recommends Plaintiffs' Motion be **GRANTED** subject to certain conditions listed above. In the interests of efficiency and

---

[3] While Defendant also alternatively requests an award of Defendant's costs of defense as to the matters listed in its proposed conditions, the undersigned recommends an award of costs would not promote the efficient use of this Court's resources. (D.E. 136, Page 4).  The parties, attorneys, allegations and legal arguments are the same in both actions at issue and the Court should not be required to relitigate previously decided legal issues, especially as the majority have been reviewed by the Court multiple times due to Plaintiffs' requests for reconsideration.  The undersigned makes no finding at this time as to whether these claims would be barred by collateral estoppel or res judicata.

justice, Plaintiffs must inform the Court of their decision to either accept or reject the proposed conditions in their objections to this Memorandum and Recommendation. If Plaintiffs are unwilling to accept these conditions, the undersigned recommends their Motion to Dismiss be **DENIED**.

ORDERED this 31st day of March 2020.

_Jason B. Libby_
Jason B. Libby
United States Magistrate Judge

Case 2:18-cv-00259 Document 144 Filed on 03/31/20 in TXSD Page 10 of 10

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).

10 / 10